UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO.  3:14-62-GFVT

ANTHONY RIGGS,                                                                                          PLAINTIFF,

V.

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

LADONNA THOMPSON, et al.,                                                               DEFENDANTS.

*** *** *** ***

This is a *pro se* action in which Plaintiff seeks a declaration of his right to receive medical treatment while incarcerated. [R. 1-2]. Specifically, he asserts that the Defendants were deliberately indifferent to his need for spinal surgery, in violation of his rights under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution. The named defendants in the action are: LaDonna Thompson, Commissioner of the Kentucky Department of Corrections (KDOC); Correct Care-Integrated Health, Inc. (Correct Care); Greg Howard, Warden of Luther Luckett Correctional Complex (LLCC); Ruth Perry, a former NSA Provider at Little Sandy Correctional Complex (LSCC); Kristy Mullins, Health Service Manager at LLCC; Carol Cornett, a Nurse Practitioner at LSCC; and Annie Jones, a Nurse Practitioner at LLCC. Pending before the Court is 1) Defendants Carol Cornett, Correct Care, Kristy Mullins, and Annie Jones's Joint Motion for Summary Judgment [R. 31]; 2) Defendant Ruth Perry's Motion for Summary Judgment [R. 32]; and 3) Defendants LaDonna Thompson and Greg Howard's Motion to Dismiss for lack of jurisdiction due to the Plaintiff's discharge from custody [R. 36]. Referred for a report and

recommendation [R. 15], this matter is now ripe for review. For the reasons discussed below, IT IS RECOMMENDED that the Defendants' motions [Rs. 31, 32, 36] be GRANTED.

## I. FACTUAL BACKGROUND

The Plaintiff is an inmate who, until his recent discharge, was incarcerated at LLCC. In this action, he seeks to compel the Defendants to approve him for spinal surgery and to hold the Defendants liable for alleged constitutional deprivations, including their failure to procure spinal surgery for the Plaintiff at an earlier date. Plaintiff's first report of injury came on November 12, 2012, after experiencing pain in his foot upon jumping down from a top bunk bed at LSCC. [R. 31-2]. Plaintiff made no complaint of back pain at this time. [Id.]. Months later, in March 2013, Plaintiff requested medical treatment, reporting back pain with tingling and numbness in his arms and legs. [Id.]. Defendant Carol Cornett began what would become a lengthy series of conservative treatments, such as by providing Plaintiff with recommended doses of ibuprofen and physical therapy. [Id.]. An MRI of Plaintiff's spine at St. Claire Regional Medical Center on May 20, 2013, revealed that Plaintiff suffered from degenerative disc disease. [Id.]. When further examination by a neurosurgeon resulted in a spinal fusion surgery recommendation, Defendant Cornett requested Plaintiff's transfer to the Kentucky State Reformatory (KSR). [Id.]. Plaintiff was not transferred at that time. Instead, Defendant Cornett requested further neurosurgical consultation, which resulted in KDOC Medical Director Dr. Doug Crall entering notes on Plaintiff's medical record that, because Plaintiff's medical history had "insufficient information to determine medical necessity for [Defendant Cornett's] request. . . . [T]he request is denied . . . ." [Id.]. On October 8, 2013, Plaintiff filed his first grievance related to the denied surgery, but failed to name any of the Defendants specifically. [R. 31-3, -4].

Also in October, Defendant Cornett made attempts to have Plaintiff transferred to KSR so that he may undergo further physical therapy. [Id.]. However, this transfer request was again denied as "not medically indicated" by Sue Young, a physical therapist at KSR. [Id.]. However, Defendant Cornett successfully gained Plaintiff's transfer to LLCC from LSCC in November 2013 so that Plaintiff could undergo regular physical therapy with Ms. Young. [Id.]. Defendant Annie Jones, a nurse at LLCC, began caring for Plaintiff after his transfer. [Id.].

By January 2014, Ms. Young noted that physical therapy was no longer helpful to Plaintiff in dealing with his back pain and the pain radiating into his arms and hands. [R. 31-2 at 67]. Plaintiff filed a second grievance to address his desire for surgery, but this grievance was procedurally rejected because it concerned the same issue as his first grievance filed in October 2013. Although Plaintiff was provided with steroid treatment to deal with the pain in his hands in February 2014, Plaintiff reported that those steroid injections were ineffective. [Id. at 72]. Plaintiff filed a third grievance, naming Defendant Correct Care specifically, seeking the surgery that he had been denied. At that time, Defendant Jones assisted by renewing Plaintiff's requests for a neurosurgical evaluation, which reevaluation was granted in March 2014. [Id. at 73]. The evaluation, which took place in July 2014 at the University of Louisville Department of Neurosurgery and was administered by Dr. Rob Hruska, resulted in a finding that "due to the chronic nature of [Plaintiff's] disease, [surgery] is not emergent." [Id. at 81-83]. At the further request of Defendant Jones on August 7, 2014, new MRI scans and evaluation were performed at Baptist Hospital Northeast in LaGrange, Kentucky. [Id. at 84]. Dr. Kinsman, a neurosurgeon at the University of Louisville Hospital, recommended Plaintiff for spinal surgery based upon the results of the Baptist Hospital MRIs. [Id. at 91]. On September 22, 2014, Plaintiff underwent spinal fusion surgery of the C5-C6 level at the

3

University of Louisville. [Id. at 96]. However, following his discharge on September 26, 2014, Plaintiff has continually expressed dissatisfaction with the results of his surgery, frequently reporting painful symptoms consistent with his pre-surgery symptoms. [See, e.g., id. at 107]. Plaintiff alleges that the conservative treatments leading up to his surgery demonstrate a delay or deliberate indifference for his health tantamount to a violation of the Eighth Amendment. [R. 2].

     Pending before the Court are three motions: Defendants Cornett, Jones, and Mullins's Joint Motion for Summary Judgment, Defendant Ruth Perry's Motion for Summary Judgment, and Defendants Thompson and Howard's Motion to Dismiss. [Rs. 31, 32, 36]. As an initial matter, both of the summary judgment motions claim that, at least as to Defendant Cornett, Jones, Mullins, and Perry, Plaintiff's case must be dismissed for failure to properly exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA). Both summary judgment motions further claim that they are entitled to summary judgment because Plaintiff cannot establish an Eighth Amendment violation, and, in any event, that Plaintiff cannot establish that a live case or controversy exists, making Plaintiff's case moot. [Rs. 31, 32]. Further, Defendant Perry asserts that she is entitled to summary judgment because she had almost no contact with Plaintiff and that her employment at LSCC ended several days before Plaintiff's surgery was ever denied. [R. 32-1 at 1; Def.'s Aff. ¶¶ 4-5]. In support of their summary judgment motions, the Defendants have tendered Plaintiff's medical records [R. 32-2], grievance forms [R. 31-3, -4], and affidavits of Defendants Carol Cornett and Ruth Perry. [R. 31-6; R. 32-3]. In their motion to dismiss, Defendants Thompson and Howard argue that Plaintiff's case is moot and that this Court lacks jurisdiction because of Plaintiff's October 8, 2015 discharge from custody. Plaintiff has not responded to any of the Defendants' motions. Accordingly, Defendants' motions [Rs. 31, 32, 36] are now ripe for consideration, and each type of

4

motion will be addressed separately below.

## II.  THE SUMMARY JUDGMENT MOTIONS

A. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Barr v. Lafon, 538 F.3d 554, 561 (6th Cir. 2008). To prevail, "the non-movant must show sufficient evidence to create a genuine issue of material fact." B.F. Goodrich v. U.S. Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001). See also Celotex Corp. v. Catrett, 47 U.S. 317, 324 (1986).  A factual issue "is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Hendrick v. W. Reserve Care Sys., 355 F.3d 444, 451 (6th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). This means that "the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." Sutherland v. Mich. Dep't of Treasury, 344 F.3d 603, 613 (6th Cir. 2003) (citing Anderson, 477 U.S. at 251).

Additionally, summary judgment is proper where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." McDonald v. Petree, 409 F.3d 724, 727 (6th Cir. 2005) (internal citations omitted).  Even though the moving party generally bears the burden to show that no genuine issue of material fact exists, "that burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." CenTra, Inc. v. Estrin, 538 F.3d 402, 412 (6th Cir. 2008) (internal citations omitted).

5

When deciding a motion for summary judgment, the court views factual evidence and draws all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Warf v. Bd. of Elections, 619 F.3d 553, 558 (6th Cir. 2010). Ultimately, when determining if summary judgment is appropriate, the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52; Harrison v. Ash, 539 F.3d 510, 516 (6th Cir. 2008).

B. Failure to Exhaust Administrative Remedies

As a threshold matter, Defendants claim in their summary judgment motions that Plaintiff has failed to exhaust the available administrative remedies by failing to name Defendants Cornett, Jones, Mullins, and Perry in any of his three grievances. By contrast, Defendant Correct Care is the only defendant mentioned in Plaintiff's grievances.

It is well-settled that the PLRA requires that prisoners bringing § 1983 claims must first exhaust their administrative remedies. See, e.g., 42 U.S.C. § 1997e. Indeed, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Courts must look to the prison's grievance procedures to determine what specific actions amount to "proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (noting that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The Supreme Court clarified in Jones that, although the failure to name a particular defendant in the grievance process "is not *per se* inadequate," id. at 219, the language of the applicable facility's protocol controls whether this failure is fatal to a petitioner's case. Therefore, this Court must examine Plaintiff's compliance with the grievance protocol actually used

6

by the KDOC.

Here, Defendants correctly point out that Plaintiff failed to name either Defendant Cornett, Jones, Mullins, or Perry in his three grievances. Critically, the grievance protocol applicable to Plaintiff's case specifically states that grievants must "include all aspects of the issue and identify all individuals" in their written grievances. [R. 31-5 at 14 ("CPP 14.6, Section K(1)(4)")]. By failing to name these defendants at the grievance stage, Plaintiff failed to follow Section K(1)(4) and, therefore, did not exhaust his administrative remedies. Jones, 549 U.S. at 218; accord Peterson v. Cooper, 463 F. App'x 528, 530 (6th Cir. 2012). Accordingly, Plaintiff's claims must be dismissed against Defendants Cornett, Jones, Mullins, and Perry.

### C. Mootness

Alternatively, Defendants assert that they are entitled to summary judgment because Plaintiff's case is now moot. [R. 31-1]. Specifically, Defendants claim that Plaintiff received his requested relief on September 22, 2014 "in the form of a cervical fusion surgery." [R. 31 at 11]. Plaintiff has made no response to the Defendants' claims. In addition, Defendants LaDonna Thompson and Greg Howard have separately filed a motion to dismiss Plaintiff's claims for mootness. [R. 36]. The Plaintiff has not filed a response.

As the basis for their motion to dismiss, Defendants Thompson and Howard argue that Plaintiff's recent discharge from supervision on October 8, 2015, moots Plaintiff's case. Specifically, Defendants claim that Plaintiff's case is moot because when, as here, a plaintiff seeks injunctive relief, his release "render[s] the court unable to grant the requested relief." [R. 36-1] (citing Demis v. Sniezek, 558 F.3d 508 (6th Cir. 2009)). Thus, they claim that Plaintiff's receipt of surgery, coupled with his recent discharge, entitles them to dismissal on mootness grounds.

7

"Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." Berger v. Cuyahoga Cnty. Bar Ass'n, 983 F.2d 718, 724 (6th Cir. 1993) (quoting Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986)). Indeed, under Article III of the Constitution, "federal courts may adjudicate only actual, ongoing cases or controversies." Deakins v. Monaghan, 484 U.S. 193, 199 (1988). A federal court's jurisdiction ends when the case-or-controversy requirement fails to subsist through the entirety of the case. Alvarez v. Smith, 558 U.S. 87, 92 (2009). When reviewing mootness issues, we are again reminded that a *pro se* complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

When injunctive or declaratory relief is requested, dismissal for mootness is proper when the Court cannot redress a prisoner plaintiff's claims due to his release. See Demis, 558 F.3d at 513. Here, the tendered Notice of Discharge and Final Discharge documentation makes it clear that Plaintiff has been released from Defendants Thompson and Howard's custody. [R. 36-2, 3]. Accordingly, Plaintiff's claims for injunctive or declaratory relief must be dismissed for mootness.

### D. Eighth Amendment Violations

Putting aside any exhaustion or mootness issues, the Defendants further contend in their summary judgment motions that they did not violate Plaintiff's Eighth Amendment rights by providing conservative treatment before surgery. Specifically, Defendants argue that Plaintiff can prove neither the subjective nor objective component of Eight Amendment claim sufficient for the Defendants to have violated the Plaintiff's rights. [Rs. 31, 32]; Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff has filed no response to the Defendants' summary judgment

motions.

A prison official violates the Eighth Amendment if: (1) "the deprivation alleged [is], objectively, sufficiently serious;" and (2) the prison official acted with a "sufficiently culpable state of mind" which amounts to "deliberate indifference." Farmer, 511 U.S. at 834 (internal citations omitted). Additionally, prison officials who know of a substantial risk to inmate health or safety may be free from liability if they respond reasonably to the risk, even if harm ultimately is not averted. Id. at 844.

Here, even assuming *arguendo* that Plaintiff's allegations are accurate–that surgery was medically necessary long ago and that such a deprivation is "sufficiently serious"–Plaintiff has presented no evidence to create a question of fact as to the second element of an Eighth Amendment violation. That is, Plaintiff has failed to show that Defendants Cornett, Jones, Mullins, or Perry specifically acted with a culpable state of mind or were deliberately indifferent to the Plaintiff's health and safety. Indeed, the record is replete with medical notes showing that Defendants Cornett and Jones provided Plaintiff with repeated reminders to take his prescription drugs [see, e.g., R. 31-2 at 30], renewed attempts to schedule physical therapy, MRIs, and neurosurgical consultations [see, e.g., id., at 35, 39], and offers to personally co-sign a request to have Plaintiff transferred to another facility so that he could receive much-needed cervical rehabilitation [see, e.g., id. at 47, 48, 51]. In coordination with Defendant Cornett's attempts to have Plaintiff transferred so that he could receive better therapy, the record also shows that Defendant Jones was highly motivated to obtain Plaintiff's transfer so that he could obtain approval for the spinal surgery that he so desperately sought. [Id. at 56 (noting that "[Plaintiff is] to be transferred to LLCC today despite no recommendation from [the physical therapist] to do

9

so.")]. The extensive medical records in this case do not support Plaintiff's allegations that these Defendants, in either their official or individual capacities, "did nothing to help him while he was suffering," [R. 1-2 at 17], or "intentionally failed to act upon [his] medical needs [id. at 27]." A review of the record in the light most favorable to the Plaintiff displays only the extent of Plaintiff's dissatisfaction with the results of his treatment rather than any failure to provide any treatment. Accordingly, Defendants Cornett, Jones, Mullins, and Perry are entitled to judgment as a matter of law on their Eighth Amendment argument.

### III.  CONCLUSION

For the reasons discussed, IT IS RECOMMENDED that Defendants' motions [Rs. 31, 32, 36] be GRANTED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 5, 2015.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge