Eastern District of Kentucky
**F I L E D**

JAN 0 5 2016

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| ANTHONY RIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 14-62-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LADONNA THOMPSON, et al., | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is United States Magistrate Judge Edward B. Atkins's Report and Recommendation ("R & R"). [R. 37.] The Magistrate's report concerns Plaintiff Anthony Riggs's *pro se* petition seeking a declaration of his right to receive medical treatment while incarcerated. [R. 1-2]. Riggs maintains that the Defendants were deliberately indifferent to his need for spinal surgery, in violation of his rights under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. [*Id.* at 17-28.] In response to Riggs's complaint, Defendants Cornett, Correct Care, Jones, and Mullins filed a Joint Motion for Summary Judgment, Defendant Ruth Perry submitted her own Motion for Summary Judgment, and Defendants Thompson and Howard filed a Motion to Dismiss. [Rs. 31, 32, 36].

On November 5, 2015, Judge Atkins issued the instant Report. [R. 37.] To begin, the Magistrate found that Riggs had failed to exhaust his administrative remedies with respect to his claims against Cornett, Jones, Mullins, and Perry. Specifically, the R & R notes that Riggs's complaint at the administrative stage failed to satisfy the Kentucky Department of Corrections'

grievance protocol, which states that grievants must "include all aspects of the issue and identify all individuals" in their written grievances. [*Id.* at 7.] Because Riggs did not name Cornett, Jones, Mullins, or Perry at the grievance stage, the Magistrate concluded that Riggs "did not exhaust his administrative remedies" with regard to these Defendants. [*Id.* at 6.] Second, the Court noted that Riggs has already been released from prison, thus rendering his request for injunctive relief moot. [*Id.* at 7.] Finally, the Magistrate found that Plaintiff's complaint "presented no evidence to create a question of fact as to the second element of an Eighth Amendment violation," which requires showing that the Defendants "specifically acted with a culpable state of mind or were deliberately indifferent to the Plaintiff's health and safety." [*Id.* at 9.] For these reasons, the Magistrate recommended that the Court grant each of the Defendants' motions.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Atkins's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.    The Magistrate's Report and Recommendation [**R. 37**] is **ADOPTED** as and for the Opinion of the Court;

2

2. The Defendants' Motions for Summary Judgment and Motion to Dismiss [**R. 31, 32, and 36**] are **GRANTED**;

3. The Plaintiff's action is **DISMISSED** in its entirety with prejudice; and

4. All other matters being resolved, **JUDGMENT** in favor of Defendants will be entered contemporaneously herewith, and this matter will be **STRICKEN** from the Court's active docket.

This ___4th___ day of January, 2016.

Signed By:

Gregory F. Van Tatenhove
United States District Judge